# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-9086 PA (RAOx) | Date | October 26, 2018 |
|---|---|---|---|
| Title | Tanya Paxton v. Wells Fargo Bank, National Association et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

On October 22, 2018, Wells Fargo Bank, National Association and HSBC Bank USA, National Association (collectively "Defendants") filed a Notice of Removal based on federal question jurisdiction. (Docket No. 1.) During a telephonic status conference held on October 25, 2018, the Court informed the parties that if Plaintiff notified the deputy clerk by noon on October 26, 2018 that she intends to dismiss her federal claims and filed a Notice of Dismissal of her federal claims by the close of business on October 26, 2018, the Court would elect not to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims and would instead remand the remaining claims to Santa Barbara County Superior Court.

Plaintiff has notified the clerk of her intent to dismiss her federal claims and has filed a Notice of Dismissal. In her Notice of Dismissal, Plaintiff voluntarily dismisses her federal claims, including her fifth cause of action for violation of 12 C.F.R. § 1024.40, and her sixth cause of action for violation of 12 C.F.R. § 1024.41. (Docket No. 26.) Accordingly, the Court dismisses Plaintiff's federal claims without prejudice.

The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9086 PA (RAOx) | Date | October 26, 2018 |
|---|---|---|---|
| Title | Tanya Paxton v. Wells Fargo Bank, National Association et al. | | |

By filing the Notice of Dismissal, Plaintiff has consented to the dismissal of the only claims over which the Court has original jurisdiction. Accordingly, the Court dismisses the federal claims without prejudice and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Court further exercises its discretion to remand the action. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The Court remands this action to Santa Barbara County Superior Court, Case No. 18CV02920.

IT IS SO ORDERED.